**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KHOSBAYAR MUNKHBAT and ODONTUYAA DULAMSUREN, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., United States Attorney General, <br><br> Respondent. | No. 10-73608 <br><br> Agency Nos. A089-302-737, A089-302-738 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2014[**]
San Francisco, California

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

Khosbayar Munkhbat and Odontuyaa Dulamsuren, natives and citizens of

Mongolia, petition for review of a BIA decision denying their applications for

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

-1-

asylum and withholding of removal.

Substantial evidence supports the BIA and IJ's determination that Munkhbat failed to establish changed circumstances sufficient to justify excusing the one-year asylum filing deadline. *See* 8 U.S.C. § 1158(a)(2)(D); *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006). The record provides ample evidence that neither the election of Nyamjav Batbayar, Munkhbat's alleged attacker, to the Mongolian parliament nor the attack on Munkhbat's relatives in Mongolia after they attempted to publicize Batbayar's criminal conduct constitutes changed circumstances that would materially affect Munkhbat's eligibility for asylum. *See* 8 CFR § 1208.4(a)(4)(i)(A)–(B); *Molina-Morales v. INS*, 237 F.3d 1048, 1051–52 (9th Cir. 2001) (holding that an alien's report of a rape by a local political leader to the police, which may have led to the rape victim's subsequent abduction, did not constitute persecution on account of an actual or implied political opinion). Therefore, it is irrelevant whether Munkhbat filed his asylum application within a reasonable period after the circumstances occurred. *See* 8 CFR § 1208.4(a)(4)(ii).

The BIA and IJ's adverse credibility determination was supported by substantial evidence. The BIA and IJ identified numerous inconsistencies in Munkhbat's testimony that he failed to explain (despite an opportunity to do so), including an inconsistency regarding the identity of the uncle who played a large

role in the events precipitating Munkhbat's departure. These inconsistencies are more than "mere trivial error[s] such as a misspelling" and adequately support the IJ's credibility determination "based on the 'totality of the circumstances.'" *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Nor did the BIA and IJ err in considering Munkhbat's failure to present reasonably obtainable evidence to corroborate his testimony. *See Aden v. Holder*, 589 F.3d 1040, 1044 (9th Cir. 2009); *see also* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C). Absent Munkhbat's testimony, there was insufficient evidence in the record to demonstrate that it is more likely than not that Munkhbat would be subject to persecution on one of the specified grounds. *See Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001).

Accordingly, the BIA and IJ did not err in denying Munkhbat and Dulamsuren's applications for asylum and withholding of removal.

**PETITION DENIED.**